United States Courts
Southern District of Texas
ENTERED
JUN 13 2005
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARRYL DAVIS, | § | |
| TDCJ-CID # 1201047 | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-04-4499 |
| v. | § | |
| | § | |
| JENNIFER RAGAN, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER ON DISMISSAL

Plaintiff Darryl Davis, a state inmate, filed this lawsuit under 42 U.S.C. § 1983, seeking monetary compensation for loss of his personal property during transit from one TDCJ prison unit to another. He proceeds *pro se* and *in forma pauperis*.

Plaintiff complains that in August of 2004, he was transferred from one unit of TDCJ to another. TDCJ employees were to ship his personal property to his new unit, but the property failed to arrive. Plaintiff alleges that instead of compensating him for his loss, the defendants retaliated against him for his grievances seeking compensation. He asserts that defendant Ragan, a prison employee, offered him less than full compensation, and told him that if he did not sign a property loss settlement form, he would get nothing. He refused to sign. Plaintiff requests $500.00 compensation for his lost property, and monetary damages for defendants' retaliation, blackmail, administrative violations, mental anguish, misconduct, and similar misdeeds.

To establish liability under 42 U.S.C. § 1983, a plaintiff must establish both state action and a resulting violation of federal or constitutional law. *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). Plaintiff asserts that defendants lost his property and failed to replace it in accordance with TDCJ regulations. Deprivation of property is a cognizable section 1983 claim under the due process clause and Fourteenth Amendment. However, where the deprivation was random or unauthorized, and the state has provided an adequate post-deprivation tort remedy, due process is satisfied. *Hudson v. Palmer*, 468 U.S. 517 (1984) (holding that due process is not violated when a state employee intentionally deprives an individual of property where the state has a meaningful post-deprivation remedy). *See also Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994) (noting that deprivations of property caused by the misconduct of state officials do not violate due process, provided adequate state post-deprivation remedies exist).

In Texas, an inmate has an adequate post-deprivation tort remedy for property taken from him by TDCJ prison personnel. Under Texas Government Code section 501.007, an inmate may be reimbursed for up to $500.00 on an inmate's claim of lost or damaged property. Thus, as to his lost property, plaintiff fails to state a federal claim upon which relief can be granted. Plaintiff's allegations of such ancillary claims as authority abuse, negligence, carelessness, false documents, blackmail, violation of prison regulations, and the like, also fail to raise issues of federal or constitutional dimension, and are frivolous.

Plaintiff further claims that defendants retaliated against him for his complaints regarding the lost property. (Docket Entry No. 5.) In responding to the Court's request for details of these alleged retaliatory occurrences, plaintiff stated the following (*verbatim*) in his more definite statement:

    (a)    8/20/04 – my property was said and was suppose to have been transferred to me from old unit but ended up mysteriously lost/retaliation.

    (b)    11/4/04 – was subjected to misconduct, by an officer, illegal denial of privileges/entitlements, threats/blackmail, physical & mental abuse, exposal of offenders personal privacy regarding family, refusal of replacement of property, theft & retaliation.

    (c)    11/19/04 – improper investigation, abusing authority, retaliation/false assumptions, denial of privileges/entitlements, showing of prejudice and bias.

(Docket Entry No. 5.) Plaintiff explained that he knew defendants' actions were retaliatory because "I given them no other reason besides exercising my rights and administrative remedies. And they know they lost my property but refuse to replace it intentionally." He added that, "And I also know from personal experience that, when an offender files grievances on TDCJ officials where they have to answer for whatever wrong doings that was done, they retaliate on the offender in some form or fashion which ever way they can."

To establish a claim for retaliation, an inmate must demonstrate an adverse act that, but for a retaliatory motive, would not have occurred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Conclusory allegations are insufficient to demonstrate retaliation. *Id.* Although the Court requested plaintiff to support his retaliation claim with specific facts in his more definite statement, he presents nothing more than generalized conclusory claims

regarding retaliatory adverse acts, motive, and causation. Neither the initial property loss itself nor Ragan's assertion that plaintiff would "get nothing" unless he signed the settlement form suffice as demonstrating the necessary elements of retaliation. Plaintiff's remaining "examples" of retaliation are nothing more than conclusory statements unsupported by factual allegations. Plaintiff's retaliation claim lacks an arguable basis in law or fact.

Accordingly, plaintiff's complaint is **DISMISSED** with prejudice under 28 U.S.C. § 1915 as frivolous for failure to state a claim upon which relief may be granted. Any and all pending motions are **DENIED AS MOOT**.

**The Clerk is directed to provide copies of this Order to the parties; to the TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Betty Parker.**

Signed at Houston, Texas, on this the 10th day of June, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE